# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JAMES A. HOLLIDAY                                                                                    PETITIONER

V.                                          5:15CV00004-BRW-JJV

WENDY KELLEY, Director,                                                                         RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a  hearing is granted) was not offered at  the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.    BACKGROUND**

On April 7, 2009, James Holliday was convicted of the rape and sexual assault of his granddaughter and sentenced by a Benton County Jury to 720 months in the Arkansas Department of Correction. On appeal, he contended that the trial court erred in refusing to allow him to introduce specific testimony regarding the victim's truthfulness, and in finding that he was not indigent and therefore not entitled to court-appointed counsel.[1] The Court of Appeals of Arkansas affirmed his conviction on October 27, 2010,[2] and Petitioner never appealed this decision to the Supreme Court of Arkansas.[3]

Twenty-one months after trial, Petitioner filed a petition for post-conviction relief.[4] That petition was dismissed as untimely.[5] Petitioner appealed, but failed to tender the record to the

---

[1]*Holliday v. Arkansas*, 2010 Ark. App. 705, at 1 [hereinafter *Holliday I*].

[2]*Id.*

[3]Doc. No. 9.

[4]*Holliday v. Arkansas*, 2013 Ark. 47, at 1 [hereinafter *Holliday II*].

[5]*Id.*

appellate court within ninety days as required by Rule 4(b) of the Arkansas Rules of Appellate Procedure.[6] The court denied Petitioner's subsequent motion to lodge the record belatedly and proceed with his appeal.[7]

On March 11, 2013, Petitioner filed a state petition for writ of habeas corpus alleging actual innocence, ineffective assistance of counsel, insufficient evidence to sustain the judgment, and prosecutorial misconduct.[8] The state court dismissed the petition and Petitioner appealed. The Supreme Court of Arkansas affirmed, holding that Petitioner's ineffective-assistance claim was not cognizable in a habeas proceeding and should have been brought in a timely petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37.1, and Petitioner's other claims "could have been settled in the trial court and on the record on direct appeal."[9]

Now, approximately forty-eight months after his state court judgment became final, Petitioner filed the instant federal habeas corpus Petition.[10]

## II.   DISCUSSION

### A.   Statute of Limitations

A state prisoner has one year from the date on which his state court judgment becomes final to file a federal habeas petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA").[11] With respect to a state prisoner who has not sought direct review of his conviction

---

[6]Ark. R. App. Pro. 4(b); *Holliday II*, 2013 Ark. 47, at 1.

[7]*Holliday II*, 2013 Ark. 47, at 2.

[8]*Holliday v. Hobbs*, 2014 Ark. 408, at 1 [hereinafter *Holliday III*].

[9]*Id.* at 1, 3, 4.

[10]Doc. No. 2.

[11]28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 132 S. Ct. 641, 656 (2012).

in the state's highest court,[12] judgement becomes final when the time for seeking such review expires.[13] Arkansas Supreme Court Rule 2-4(a) requires that a petition for review be filed within eighteen days of the lower court's decision.[14]

Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."[15] For an application to be "properly-filed," it must be timely according the state requirements.[16] Arkansas Rule of Criminal Procedures 37.2 states that an appeal of the judgment of conviction must be filed in the circuit court within sixty days of the mandate issued by the court.[17]

Equitable tolling may be available to toll the AEDPA's one-year time limitation, but "is appropriate only under limited conditions.[18] To be entitled to equitable tolling, a federal habeas petitioner must demonstrate that: (1) he has been diligently pursuing his rights; and (2) that some extraordinary circumstances, beyond his control, stood in the way of his timely filing his petition.[19]

---

[12]While Petitioner eventually filed untimely petitions for post-conviction relief that the Arkansas Supreme Court ruled on, he failed to directly appeal the affirmation of his conviction by the Arkansas Court of Appeals.

[13]*Gonzalez*, 132 S.Ct. at 656.

[14]Ark. S. Ct. R. 2-4(a).

[15]28 U.S.C. § 2244(d)(2).

[16]*See Pace v. DiGuglielmo*, 544 U.S. 408, 412 (2005).

[17]Ark. R. Crim. Pro. 37.2(c)(ii).

[18]*Holland v. Florida,* 560 U.S. 631, 645 (2010)*; Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)*; Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (quoting *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001)); *Shoemate v. Norris*, 390 F.3d 595, 597 (8th Cir. 2004).

[19]*Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006).

Petitioner did not seek timely review of the Arkansas Court of Appeal's decision issued October 27, 2010.[20] Petitioner had eighteen days to appeal to the Arkansas Supreme Court and he did not.[21] He then had sixty days from the date of the Court of Appeal's decision to apply for post-conviction relief, but he did not.[22] Accordingly, his judgment became final for the purposes of the AEDPA when the Court of Appeals issued its decision, and the one-year statue of limitations started.[23]

Petitioner's untimely petitions for post-conviction relief do not toll the one-year statute of limitations.[24] Because Petitioner did not comply with the State's timeliness requirement in applying for post-conviction relief, the one-year limitation was not tolled by § 2244(d)(2).[25] The statutory limit ran out on October 27, 2011.[26]

Petitioner is not entitled to equitable tolling because he did not pursue his rights with the requisite diligence. The lack of access to legal resources alone does not typically warrant equitable tolling.[27] Petitioner waited approximately twenty-one months before filing a state habeas petition.[28]

---

[20]Doc. No. 9.

[21]Ark. Sup. Ct. R. 2-4(a); Doc. No. 9.

[22]Ark. R. Crim. P. 37.2; Doc. No. 9.

[23]28 U.S.C. § 2244(d)(1)(A); *Gonzalez*, 132 S.Ct. at 656.

[24] 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 412 (2005).

[25]28 U.S.C. § 2244(d)(2)

[26]*See Id.*

[27]*Earl*, 556 F.3d at 724.

[28]*Id.*

Petitioner then waited twenty-seven additional months before filing a federal habeas petition.[29] Under such circumstances, "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources," Petitioner is not entitled to equitable tolling.[30]

    **B.    Procedural Default**

A habeas petitioner who can no longer present his federal claims in state court due to untimeliness technically meets the requirements for exhaustion because there are no longer any state remedies available to him.[31] However, I must consider "not only whether a [habeas petitioner] has exhausted his state remedies, but also whether he has *properly* exhausted those remedies."[32] "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims."[33] Accordingly, a petitioner's failure to timely file his applications in state court, absent a showing of cause and prejudice, will likely preclude federal habeas relief.[34]

Petitioner's claims of prosecutorial misconduct are procedurally defaulted because he failed to present them in a timely manner for direct review in state court.[35] Unlike his ineffective assistance claim, Petitioner had the opportunity to raise these issues on direct appeal but failed to do so.[36] A

---

[29]*Id.*

[30]*Pace*, 544 U.S. at 419 (petitioner who waited fives months after receiving delayed notice that conviction became final did not establish the requisite diligence); *Earl*, 556 F.3d at 724 (unrepresented petitioner who waited eight months was not diligent).

[31]*Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011).

[32]*O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (emphasis original).

[33]*Welch v. Lund*, 616 F.3d 756, 758, 760 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

[34]*Id.*

[35]*Id.* at 758.

[36]Doc. No. 9.

6

state prisoner is not required to pursue "extraordinary" remedies outside of the standard review process, but he must seek review in a way that is part of the ordinary and established review process in his state.[37] Failing to do so results in a procedural bar, and "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim."[38]

Unlike the other claims, the Supreme Court in *Martinez v. Ryan* established that a procedural default of ineffective-assistance-of-counsel claims on post-conviction review *may* not bar a federal habeas court from hearing those claims.[39] Assuming that the cause for Petitioner's procedural default has been established for the reasons set out in *Martinez*, Petitioner still has not alleged sufficient prejudice.[40] Petitioner has not alleged anything approaching extraordinary negligence. Petitioner's ineffective-assistance-of-counsel claim consists of allegations that he heeded his counsel's advice, that he refused to take the State's plea-bargain, and that his lawyer did not make him confident.[41] Further, Petitioner's allegations consist of largely unsupported conclusions, and notice pleading is insufficient in habeas cases.[42]

Accordingly, Petitioner has not demonstrated prejudice sufficient to overcome his procedurally defaulted ineffective-assistance claim.

---

[37] *Id.*

[38] *Welch*, 616 F.3d at 760 (quoting *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)).

[39] *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012).

[40] *See* Doc. No. 2.

[41] Doc. No. 2.

[42] *See, e.g.*, *McDonald v. Bowersox*, 101 F.3d 588, 596 n.7 (8th Cir. 1996) ("[B]are assertions . . . fail[] to state a cognizable . . . claim entitling [Petitioner] to habeas relief.").

### C.     Actual Innocence

A federal habeas petitioner's claim of actual innocence may allow a habeas court to reach the merits of an otherwise barred claim.[43] It does not matter whether the bar is procedural or due to the expiration of the statute of limitations.[44] "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."[45] In making this assessment, "the timing of the petition is a factor bearing on the reliability of the evidence purporting to show actual innocence."[46] This demanding standard is rarely met.[47]

Petitioner argues that "enforcing the procedural default rule would result in a miscarriage of justice by denying relief to a prisoner who is actually innocent."[48] As evidence of his innocence, Petitioner points to a DNA Rape Kit which indicated that his granddaughter was "still virgin."[49] Because the Rape Kit indicated that she was virgin, Petitioner argues that he could not have committed the rape.[50] While this allegation potentially raises some question about the underlying facts for Mr. Holliday's rape conviction, it fails to support a claim of actual innocence. To raise a claim of actual innocence, a petitioner must establish that (1) *new* and *reliable* evidence that was not

---

[43]*Schlup v. Delo*, 513 U.S. 298, 333 (1995).

[44]*McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).

[45]*Id.*

[46]*Id.* (internal quotations omitted).

[47]*Id.*

[48]*Welch*, 616 F.3d at 760.

[49]Doc. No. 2.

[50]*Id.*

8

presented to the state courts, and (2) that in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him.[51] And Petitioner's conclusory allegations are not sufficient to establish actual innocence.[52] So Petitioner has not proven actual innocence or that a fundamental miscarriage of justice will occur if this Court does not grant his habeas corpus petition.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted."[53]

In this case, the Petition is clearly time-barred. Therefore, no certificate of appealability should be issued.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

---

[51] See *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997) (emphasis added).

[52] *See Sweet v. Delo*, 125 F.3d 1144, 1152 n.9 (8th Cir. 1997) ("bare, conclusory assertion[s] that a petitioner is actually innocent is insufficient to excuse a procedural default").

[53] Khaimov v. Crist, 297 F.3d 783, 786 (8th Cir. 2002) (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)); see also Langley v. Norris, 465 F.3d 861, 863 (8th Cir. 2006).

1. The Petition for Writ of Habeas Corpus be DISMISSED, and the requested relief be DENIED.

2. A certificate of appealability should not be issued.

DATED this 16th day of July, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE